**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ROBERT S. DAVIDSON, d/b/a PlasterTech,<br><br>                Plaintiff,<br>v.<br><br>THE UNITED STATES,<br><br>                Defendant. | 13-942 C<br><br>Senior Judge Eric G. Bruggink |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S IMPROPER DECLARATION**

Defendant, the United States (the Government) respectfully moves to strike the Declaration of Robert S. Davidson submitted in support of Plaintiff's claim for delay compensation.  See ECF 137-3 (Declaration); ECF 137 at 4 (citing).  Plaintiff's submission of this declaration is improper, given that Plaintiff failed to provide testimony regarding delay compensation or any relevant facts pertaining to this testimony at trial or during discovery.  Plaintiff's reliance on this untimely declaration is fundamentally unfair.

**BACKGROUND**

On June 29, 2018, the Court issued its Opinion in this case following a two-week trial.  See ECF 136.  The Court directed the parties "to consult regarding the quantum of interest and to file a joint status report on or before July 27, 2018."  Id. at 37.  On July 23, 2018, counsel for the parties conferred and Davidson's counsel argued that Davidson was entitled to a high interest rate because he was allegedly a successful investor.[1]  Plaintiff submitted Davidson's declaration with the joint status report on July 27, 2018, but did not disclose the declaration to the Government prior to filing.  See ECF 137.

---

[1] The Government does not concede that such evidence is relevant to the issue at hand – it is not.  Moreover, as noted herein, the Government objects to Plaintiff's violation of this Court's rules.

Plaintiff submitted the declaration more than six months after the Court closed the trial record, see ECF 125 ("The record is now closed."), and nearly two years after the close of fact discovery. Approximately four months after the Court closed the record, Plaintiff acknowledged that the trial record was closed and suggested that the submission of new evidence would be improper. See ECF 134 at 2 ("As an initial matter, the trial record is close [*sic*]."); see also id. ("[I]t is not like Plaintiff has submitted 'new evidence' not already in record . . . that Defendant has never seen before.").

**ARGUMENT**

The rules of this Court do not allow Plaintiff to disclose testimony after the trial record is closed. Indeed, the rules required that Plaintiff disclose this information years ago. Pursuant to Rule 26 of the Rules of the Court of Federal Claims (RCFC), Plaintiff was required, "without awaiting a discovery request," to provide "a computation of each category of damages claimed" and produce "the documents or other evidentiary material . . . on which each computation is based." RCFC 26(a)(1)(A)(iii). Despite this obligation, Plaintiff never asserted entitlement to a particular measure of delay compensation and failed to produce the testimony he now relies on.

The Government also specifically requested this information from Plaintiff during discovery, but Plaintiff refused to respond substantively. See ECF 43; ECF 43-2 at A10-11; see generally RCFC 33. Despite bearing the burden of proof on damages, Plaintiff did not elicit the testimony from Davidson during a deposition, or at trial. Since Plaintiff failed to do so, the Government could not cross-examine Davidson on his testimony. Moreover, Plaintiff failed to disclose any evidence to corroborate the assertions in the declaration at any stage of the litigation. Finally, Plaintiff's expert witness on damages did not provide any information about this contention in his expert report, nor did he testify regarding this issue at trial.

The Court should not allow Plaintiff to introduce new testimony at this late stage because the Government has not had a full and fair opportunity to explore or challenge the testimony. See, e.g., Spahn v. Secretary of Health and Human Services, 133 Fed. Cl. 588, 606 (2017) (Griggsby, J.) ("permitting petitioner to introduce new evidence here−almost three years after the evidentiary record closed in this matter−would clearly prejudice the Secretary").

Plaintiff has not even requested leave to reopen the trial record.  Even if he had, Plaintiff failed to assert any justification for withholding the information from the Government during discovery or at trial.  Plaintiff cannot justify withholding this information, only to disclose it nearly a year after trial.  Accordingly, the Government respectfully requests that the Court strike ECF 137-3.

    Respectfully submitted,

    CHAD A. READLER
    Acting Assistant Attorney General

    GARY L. HAUSKEN
    Director

    s/Scott Bolden

August 2, 2018    SCOTT BOLDEN
    Deputy Director
Of Counsel:    Commercial Litigation Branch
LEE L. PERLA    Civil Division
ALEX HANNA    Department of Justice
Department of Justice    Washington, DC  20530
    Email:  Scott.Bolden@USDOJ.gov
REDDING C. CATES    Telephone:    (202) 307-0262
United States Postal Service    Facsimile:     (202) 307-0345